BLD-301                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1297
_____

DENNIS KLEIN,
                                        Appellant

v.

MET ED; DENISE EARNEST;
PENNSYLVANIA UTILITY COMMISSION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:19-cv-00725)
District Judge: Honorable Martin C. Carlson

_____

Submitted on Appellees' Motion for Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on September 10, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 24, 2020)

_____

_____

OPINION[*]

_____

PER CURIAM

Appellant Dennis Klein filed this pro se action against electric company Met Ed, a Met Ed employee named Denise Earnest, and the Pennsylvania Utility Commission (Appellees). One thing was clear from the complaint: Klein did not want a "smart meter" installed at his home—regardless whether Appellees were inclined to shut off his electricity for non-compliance with a service request—out of fear of government surveillance and/or exposure to carcinogens. How his concerns translated into a cognizable cause of action, however, was not made explicit.

The parties all consented to proceed before a Magistrate Judge, who will be referred to herein as the District Court. Thereafter, Appellees filed motions to dismiss Klein's complaint. The District Court granted those motions. In doing so, the District Court concluded that Klein's complaint was defective in four ways: (1) it failed to comply with the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure; (2) it impermissibly sought to have Appellees criminally prosecuted; (3) it failed to allege actions that were taken under color of state law (by Met Ed or Earnest) or that stated a plausible Fourth Amendment violation, insofar as Klein might have intended to raise an unreasonable-search claim under 28 U.S.C. § 1983; and (4) it failed to provide a

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

basis for jurisdiction over any possible state law claims, which the District Court explained should be pursued in state court.

The District Court's order of dismissal was without prejudice to Klein filing an amended complaint curing the foregoing pleading deficiencies.[1] The order gave Klein three weeks in which to do so, and it provided thorough instructions for bringing the complaint into conformity with Rule 8. The order also warned Klein that failure to file an amended complaint could be fatal to the case.

The deadline for amendment nevertheless passed without a new pleading. As a consequence, the District Court issued an order converting its dismissal of the complaint without prejudice to one *with* prejudice, and it closed the case. Klein then filed a notice of appeal.[2]

We have jurisdiction under 28 U.S.C. §1291. After Klein filed his opening brief, Appellees jointly filed a motion for summary affirmance. Klein opposed the motion, which is now ripe for disposition.

The District Court acted well within its discretion to dismiss Klein's complaint after he failed to amend it per the initial dismissal order. See In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) ("The district court expressly warned plaintiffs that failure

---

[1] The District Court thus adhered to our 'sua sponte amendment' rule applicable to civil rights cases. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

[2] Klein's notice of appeal left no doubts about his intention to forgo amendment in favor of appeal. See, e.g., ECF No. 37 at 1 ("To this court WHAT AM I TO AMEND? You have all the papers and it clear to see the problem.").

to replead the remaining claims in compliance with Rule 8 would result in the dismissal of those claims. The dismissal with prejudice that followed plaintiffs' decision not to amend was not an abuse of discretion.").[3] It was also an appropriate exercise of the District Court's discretion to decline jurisdiction over Klein's state law claims and dismiss them without prejudice to refiling in state court. See Edelstein v. Wilentz, 812 F.2d 128, 134 (3d Cir. 1987) ("We review the district court's decision to decline jurisdiction over a pendent claim under an abuse of discretion standard. The precedent of this court is that a refusal to exercise pendent jurisdiction over a state law claim after dismissal of all federal claims prior to trial is ordinarily not an abuse of discretion.").

Appellees' motion for summary affirmance is thus granted. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The order of the District Court is affirmed.

---

[3] Additionally, we agree with the District Court's underlying conclusion that Klein failed to follow the dictates of Rule 8. The gist of Klein's action was not set forth in his complaint in a comprehendible series of allegations of fact; it was, if anywhere, hidden in a labyrinth of exhibits the District Court was implicitly—and improperly—asked to navigate on its own.